IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARIA ZAVALA, §
§
Plaintiff, §
§ Civil Action No. 3:16-CV-1034-D
VS. §
§
CARROLLTON-FARMERS BRANCH §
INDEPENDENT SCHOOL DISTRICT, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action by plaintiff Maria Zavala ("Zavala") against

defendant Carrollton-Farmers Branch Independent School District ("CFBISD"), CFBISD

moves under Fed. R. Civ. P. 12(b)(6) to dismiss Zavala's claims for retaliatory hostile work

environment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101

*et seq.*, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e *et seq.*  CFBISD also moves to strike an appendix that Zavala filed

in support of her response to the motion to dismiss.  For the reasons explained, the court

grants CFBISD's motion to dismiss and also grants Zavala leave to replead.  The court denies

CFBISD's motion to strike as moot.

I

Zavala has worked as a custodian for CFBISD since 2006.[1]  On May 6, 2015 Zavala's

---

[1]In deciding this Rule 12(b)(6) motion, the court construes Zavala's amended
complaint in the light most favorable to her, accepts all well-pleaded factual allegations, and

husband Reuben Zavala ("Reuben"), also an employee of CFBISD at the time, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and a federal complaint against CFBISD under the ADA. Since then, Zavala's coworkers have questioned her on a nearly weekly basis regarding Reuben's lawsuit, which has made her feel excluded from the workplace.

Zavala contends that she was reassigned to other duties in retaliation for Reuben's lawsuit. On June 8, 2015 Zavala's supervisor gave her additional areas to clean that were neither part of her normal job duties nor areas other employees were made to clean. Beginning on June 22, 2015, Zavala was made to clean and carry four large mats each day. On July 10, 2015 Zavala was injured lifting a mat and had to take time off. Zavala alleges that while Asian employees received accommodations for these types of injuries in the form of reduced workloads, Hispanic employees, like herself, did not. When she returned to work, she heard from coworkers that her supervisors told employees that she would not be coming back to work.

Zavala also alleges facts in an attempt to show a pattern of discrimination against Hispanic employees in favor of Asian employees. She asserts that she was given heavier workloads than Asian employees, and that Asian employees are "allowed to pay certain

_____

draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

managers in order to get hired." Am. Compl. ¶ 13. Zavala also alleges that Asian employees receive higher pay, preferential assignments, and less serious disciplinary action than Hispanic employees.

Zavala filed a charge of discrimination with the EEOC and later filed this lawsuit. CFBISD moves to dismiss Zavala's two hostile work environment claims. Zavala opposes the motion. Zavala attached an appendix to her response to the motion to dismiss, and CFBISD moves to strike the appendix as impermissible evidence for a Rule 12(b)(6) motion.[2] Zavala has not responded to the motion to strike.

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive CFBISD's motion to dismiss, Zavala must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

---

[2]The court has not considered any of the evidence in the appendix in deciding this motion. Accordingly, the motion to strike is denied as moot.

acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U. S. at 555).

## III

The court begins with Zavala's ADA-based retaliatory hostile work environment claim, which stems from Reuben's complaint against CFBISD.

## A

The Fifth Circuit has neither recognized nor foreclosed retaliatory hostile work environment claims. *See Fallon v. Potter*, 277 Fed. Appx. 422, 424 (5th Cir. 2008) (per curiam). At least five other circuits recognize such a cause of action. *Bryan v. Chertoff*, 217 Fed. Appx. 289, 293 n.3 (5th Cir. 2007) (per curiam) ("At least the Second, Sixth, Seventh, Ninth, and Tenth Circuits have adopted this cause of action."). Given the absence of binding authority, courts in the Fifth Circuit have assumed that a retaliatory hostile work environment claim can be brought. *See Rowe v. Jewell* , 88 F.Supp.3d 647, 673 (E.D. La. 2015) ("[T]his

court will assume, as other district courts in this circuit have done, that [plaintiff] has a cause of action for a retaliatory hostile work environment.); *see also Tejada v. Travis Ass'n for the Blind*, 2014 WL 2881450, at *3 (W.D. Tex. June 25, 2014).[3]

Generally, to succeed under the ADA on a claim for disability-based workplace harassment, a plaintiff must demonstrate:

> (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001).  The legal standard for workplace harassment is "high."  *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003).  But for claims for a retaliatory hostile environment, district courts in this circuit follow a modified approach:

> [T]he first and third elements [of a prima facie case] have a different focus.  In the retaliation context, the first element would require proof that the plaintiff had engaged in protected activity, and the third element would require demonstration of a causal connection between the harassment and the protected activity.

*Rowe*, 88 F.Supp.3d at 673 (quoting *Tejada*, 2014 WL 2881450, at *3) (second alteration in

---

[3]While these cases addressed only Title VII retaliatory hostile work environment claims, the elements for hostile work environment under Title VII and the ADA are identical. *Compare Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (Title VII), *with Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (ADA).

original).

Moreover, "[f]or workplace abuse to rise to the level of an actionable offense the 'disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.'" *Gowesky*, 321 F.3d at 509 (quoting Flowers, 247 F.3d at 236).  The court considers the totality of the circumstances, including such factors as the frequency of the conduct, the severity of the conduct, the degree to which the conduct was physically threatening or humiliating, and the degree to which the conduct unreasonably interfered with the employee's work performance.  *See, e.g., Long v. Eastfield Coll.*, 88 F.3d 300, 309 (5th Cir. 1996).  "The environment must be deemed 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998)).

B

Assuming *arguendo* that a claim for retaliatory hostile work environment is actionable in the Fifth Circuit, the court concludes that Zavala has not sufficiently pleaded facts that establish a plausible claim.  It appears that Zavala relies on two actions to plead a plausible claim that she was subjected to a hostile work environment: her fellow employees' persistent inquiry about Reuben's lawsuit and employment status, and her reassignment to different job

duties.[4]  Even accepting all alleged facts as true and drawing all reasonable inferences in her favor, the court cannot reasonably infer that these alleged actions were "hostile or abusive." *Aryain*, 534 F.3d at 479.  The making of regular inquiries by employees, while possibly annoying, cannot alone create an abusive atmosphere.  And a simple change of duties, without more, cannot be said to severely alter the conditions of employment.

Accordingly, the court concludes that Zavala has failed to plead a plausible claim for retaliatory hostile work environment under the ADA.

IV

The court turns now considers Zavala's claim for race- and/or national origin-based hostile work environment harassment under Title VII.

A

Under Title VII, a "hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)).  Generally, to establish a prima facie case of a hostile work environment under Title VII, a plaintiff must show the following:

---

[4]Because the amended complaint does not separate Zavala's claims into separate counts, as provided in Rule 10(b), it is unclear which specific facts relate to which claims.

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citations omitted).[5] "Harassment is based on race if 'the complained-of conduct had a racial character or purpose.'" *King v. Enter. Leasing Co. of DFW*, 2007 WL 2005541, at *10 (N.D. Tex. July 11, 2007) (Fitzwater, J.) (quoting *Harris-Childs v. Medco Health Solutions, Inc.*, 2005 WL 562720, at *6 (N.D. Tex. Mar. 10, 2005) (Means, J.)). Zavala must demonstrate a "connection between the allegedly harassing incidents and her protected status." *Id.* (alteration, citation, and internal quotation marks omitted). "For harassment on the basis of race [or national origin] to affect a term, condition, or privilege of employment . . . it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey*, 286 F.3d at 268 (internal quotation marks omitted) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Additionally, the work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher*, 524 U.S. at 787

---

[5]These are the elements when the harassment is allegedly committed by one or more coworkers. When "the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements listed above." *Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *8 n.8 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citations and internal quotation marks omitted).

(citing *Harris*, 510 U.S. at 21–22).  "In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"  *Ramsey*, 286 F.3d at 268 (quoting *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

B

Zavala incorporates the factual allegations from her ADA retaliatory harassment claim here.  *See supra* § III(B).  She also alleges that she "was also subjected to a hostile work environment and adverse employment actions based on her race/national origin in that Cambodian/Asian employees of Defendant were given preferential treatment by Defendants' supervisors and managers."  Am. Compl. ¶ 18.

The court concludes that these allegations, taken as true, are insufficient to plead a plausible hostile work environment claim under Title VII.  As noted, a claim for hostile work environment requires that Zavala have suffered some form of harassment.  *See Ramsey*, 286 F.3d at 268.  The court has concluded above that the allegations on which Zavala relies to plead an ADA-based claim are insufficient; they do not permit the court to draw the inference that Zavala was subjected to objectively offensive conduct that was sufficient to create a hostile work environment. *See supra* § III(B).  Zavala must therefore rely on her additional allegation of preferential treatment based on race.  Preferential treatment, however, is not

harassment. While preferential treatment might give rise to a disparate treatment claim under Title VII,[6] it is not the type of harassing conduct that can support a hostile work environment claim. The court therefore dismisses this claim.

V

Although the court is dismissing Zavala's hostile work environment claims under the ADA and Title VII, it will permit her to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).[7] Because there is no

---

[6]To establish a prima facie case of race discrimination under Title VII, a plaintiff must show that she "(1) is [a] member[] of a protected class, (2) [was] qualified for the position, (3) [was] subject to an adverse employment action, and (4) [was] replaced by someone outside the protected class, or, in the case of disparate treatment, show that other similarly situated employees were treated more favorably." *Arietta v. Yellow Transp., Inc.*, 2008 WL 5220569, at *4 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (addressing discharge-based § 1981 claims)), *aff'd sub nom. Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012).

[7]In an order filed July 14, 2016, the court denied without prejudice CFBISD's motion for partial dismissal of Zavala's original complaint. The court permitted Zavala to evaluate CFBISD's motion, and gave Zavala the option of adopting her complaint or amending her complaint. The order stated that if Zavala opted to adopt her complaint as is, and CFBISD established on renewed motion to dismiss that Zavala had failed to state a hostile work environment claim, "dismissal of that claim [would] likely be with prejudice and without leave to amend." July 14, 2016 Order at 1. Here, however, Zavala did not simply adopt her complaint; she attempted through an amendment to state a hostile work environment claim on which relief can be granted. Accordingly, the court's decision to grant Zavala another opportunity to amend is not inconsistent with the directive in its July 14, 2016 order.

indication that Zavala cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants her 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.  The court suggests that Zavala conform her pleadings to the provisions of Rule 10(b) to ensure clarity for the parties and the court.  *See supra* note 4.

\*   \*   \*

For the reasons explained, the court grants CFBISD's motion to dismiss Zavala's ADA retaliatory hostile work environment claim and her Title VII hostile work environment claims under Rule 12(b)(6), and it grants Zavala leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.  The court denies CFBISD's motion to strike as moot.

**SO ORDERED**.

January 20, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 11 -