IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA ZAVALA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:16-CV-1034-D |
| VS. § | |
| § | |
| CARROLLTON-FARMERS BRANCH § | |
| INDEPENDENT SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action by plaintiff Maria Zavala ("Zavala") against defendant Carrollton-Farmers Branch Independent School District ("CFBISD"), CFBISD moves for summary judgment dismissing Zavala's claims for retaliatory hostile work environment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and race-and/or national origin-based discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* For the reasons that follow, the court grants CFBISD's motion and dismisses this action by judgment filed today.

I

The court detailed the facts of this case in its prior memorandum opinion and order, *Zavala v. Carrollton-Farmers Branch Independent School District*, 2017 WL 274133, at *1 (N.D. Tex. Jan. 20, 2017) (Fitzwater, J.) ("*Zavala I*"), and will only recount the factual background and procedural history that are necessary to understand this decision. In *Zavala I* the court dismissed Zavala's claims for hostile work environment under the

ADA—stemming from her husband's complaint against CFBISD to the Equal Employment Opportunity Commission—and for hostile work environment under Title VII, but granted her leave to replead. *Id.* at *6. After CFBISD moved for summary judgment on the entire case, Zavala filed an amended complaint asserting only claims for retaliatory hostile work environment under the ADA and race-and/or national origin-based discrimination based on disparate treatment under Title VII.[1]

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the

---

[1]CFBISD's motion for summary judgment is directed to Zavala's complaint, but its arguments apply equally to her amended complaint. Zavala responded to CFBISD's motion the same day she filed her amended complaint, and neither party contends that the court cannot decide the summary judgment motion as presented. The court has followed this approach when deciding a motion to dismiss. *See Holmes v. Nat'l Football League*, 939 F. Supp. 517, 523 n.7 (N.D. Tex. 1996) (Fitzwater, J.) ("[T]he court may nevertheless treat defendant['s] motion as directed to the amended complaint because the defects in [plaintiff's] complaint reappear in the amended complaint."); *see also Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("'If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'") (quoting 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1476, at 556-58 (2d ed. 1990)). And it concludes that it may do so in the context of the instant motion for summary judgment.

evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court begins with Zavala's ADA-based retaliatory hostile work environment claim.

A

As the court discussed in *Zavala I,* the Fifth Circuit has neither recognized nor foreclosed retaliatory hostile work environment claims. *See Fallon v. Potter*, 277 Fed. Appx. 422, 424 (5th Cir. 2008) (per curiam). At least five other circuits recognize such a cause of action. *Bryan v. Chertoff*, 217 Fed. Appx. 289, 293 n.3 (5th Cir. 2007) (per curiam) ("At least the Second, Sixth, Seventh, Ninth, and Tenth Circuits have adopted this cause of action."). Given the absence of binding authority, courts in the Fifth Circuit have assumed that a retaliatory hostile work environment claim can be brought. *See Rowe v. Jewell*, 88 F.Supp.3d 647, 673 (E.D. La. 2015) ("[T]his court will assume, as other district courts in this circuit have done, that [plaintiff] has a cause of action for a retaliatory hostile work environment.); *see also Tejada v. Travis Ass'n for the Blind*, 2014 WL 2881450, at *3 (W.D.

Tex. June 25, 2014).[2]

Generally, to succeed under the ADA on a claim for disability-based workplace harassment, a plaintiff must demonstrate:

> (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001). The legal standard for workplace harassment is "high." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003). But for claims for a retaliatory hostile environment, district courts in this circuit follow a modified approach:

> [T]he first and third elements [of a prima facie case] have a different focus. In the retaliation context, the first element would require proof that the plaintiff had engaged in protected activity, and the third element would require demonstration of a causal connection between the harassment and the protected activity.

*Rowe*, 88 F.Supp.3d at 673 (quoting *Tejada*, 2014 WL 2881450, at *3) (second alteration in original).

Moreover, "[f]or workplace abuse to rise to the level of an actionable offense the

---

[2]While these cases addressed only Title VII retaliatory hostile work environment claims, the elements for hostile work environment under Title VII and the ADA are identical. *Compare Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (Title VII), *with Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (ADA).

- 4 -

'disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.'" *Gowesky*, 321 F.3d at 509 (quoting *Flowers*, 247 F.3d at 236). The court considers the totality of the circumstances, including such factors as the frequency of the conduct, the severity of the conduct, the degree to which the conduct was physically threatening or humiliating, and the degree to which the conduct unreasonably interfered with the employee's work performance. *See, e.g., Long v. Eastfield Coll.*, 88 F.3d 300, 309 (5th Cir. 1996). "The environment must be deemed 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998)).

B

As it did in *Zavala I*, the court assumes *arguendo* that a claim for retaliatory hostile work environment is actionable in the Fifth Circuit. *Zavala I*, 2017 WL 274133, at *3. The court concludes that Zavala has not submitted evidence that would enable a reasonable jury to find in her favor. Zavala points to deposition testimony that she alleges proves that (1) Zavala's supervisor gave her tougher and heavier work assignments and threatened to transfer her to a different high school with a heavier workload if she did not complete her duties; (2) her coworkers and supervisors consistently questioned her about her husband's lawsuit and employment status; (3) her coworkers spread rumors that she had been fired; and (4) CFBISD gave her a key that did not open all the doors to the building, which was a

significant obstacle in performing her job and which she avers was an effort to segregate her from coworkers. None of this conduct, alone or in combination, amounts to "hostile or abusive" activity. *See Aryain*, 534 F.3d at 479. As the court held in *Zavala I*, "[t]he making of regular inquiries by employees, while possibly annoying, cannot alone create an abusive atmosphere. And a simple change of duties, without more, cannot be said to severely alter the conditions of employment." *Id.* And no reasonable jury could find that giving Zavala a different key created a hostile work environment, regardless of her opinion as to CFBISD's intent.

Accordingly, the court concludes that a reasonable jury could not find in Zavala's favor on her claim for retaliatory hostile work environment under the ADA, and it grants CFBISD's motion for summary judgment dismissing this claim.

IV

The court next considers Zavala's Title VII disparate treatment claim based on her race and/or national origin.

A

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Because Zavala relies on circumstantial evidence to support her discrimination claims, they are properly analyzed under the *McDonnell Douglas* burden-shifting framework. *Smith v. City of St. Martinville*, 575 Fed. Appx. 435, 438 (5th Cir. 2014) (per curiam).

As modified, the *McDonnell Douglas* framework consists of three stages. First, Zavala must establish a prima facie case of discrimination, which "creates a presumption that [CFBISD] unlawfully discriminated against her." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of discrimination under the *McDonnell Douglas* framework, Zavala must show that

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably . . . than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. R.R.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam)).

Second, if Zavala establishes a prima facie case, the burden shifts to CFBISD to articulate a legitimate, nondiscriminatory reason for the employment action taken against her. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). CFBISD's burden is one of production, not proof, and involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

Third, if CFBISD meets its production burden, Zavala may prove intentional discrimination by proceeding under one of two alternatives: the pretext alternative or the mixed-motives alternative. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (age discrimination case); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (Title VII race discrimination case). Under the pretext alternative, Zavala must

"offer sufficient evidence to create a genuine issue of material fact . . . that [CFBISD's] reason is not true, but is instead a pretext for discrimination[.]" *Rachid,* 376 F.3d at 312 (citation and internal quotation marks omitted). Under the mixed-motives alternative, she must offer sufficient evidence to create a genuine issue of material fact "that [CFBISD's] reason, while true, is only one of the reasons for its conduct, and another motivating factor is [Zavala'] protected characteristic[.]" *Id.* (citation and internal quotation marks omitted).

"Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (alteration in original) (quoting *Burdine*, 450 U.S. at 253).

B

The court concludes that Zavala has failed to adduce evidence that creates a genuine fact issue concerning the fourth element of her prima facie case. Zavala's amended complaint alleges that she was treated differently than other employees because she is Hispanic. In opposition to CFBISD's summary judgment motion, Zavala relies on evidence that she was given a heavier workload than Asian employees; that she did not receive accommodations for her injuries that Asian employees received; that her pay was lower than the pay of Asian employees; that she received more serious discipline than did Asian employees; and that she could not pay managers for preferential treatment as Asian employees could. But she does not direct the court to any evidence that these employees

were similarly situated "under nearly identical circumstances," which is an essential element of her prima facie case. *Lee*, 574 F.3d at 259. Accordingly, the court grants CFBISD's motion for summary judgment on Zavala's Title VII claim.

* * *

For the reasons explained, the court grants CFBISD's motion for summary judgment and dismisses this action by judgment entered today.

**SO ORDERED**.

August 2, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE